UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES E. DICKERSON,

          Plaintiff,

     v.

DAVID H. BRUNEAU,

          Defendant.

Case No. C06-5418RBL

ORDER DIRECTING PLAINTIFF TO SUBMIT AN AMENDED COMPLAINT OR SHOW CAUSE WHY MATTER SHOULD NOT BE SUMMARILY DISMISSED

The Court, having reviewed plaintiff's complaint and the balance of the record contained herein, does hereby find and ORDER.

(l) A complaint is frivolous when it has no arguable basis in law or fact<u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984)).

(2) Plaintiff's § 1983 complaint appears to call into question the validity of his conviction and/or sentence. In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." <u>Heck v. Humphrey</u>, 114 S.Ct. 2364, 2373 (1994). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

<u>Id</u>. at 2374.

ORDER
Page - 1

1  Plaintiff claims defendant, the Thurston County Prosecutor, is responsible for his damages related
2  to his conviction.  The court notes that the caption of the complaint names the prosecutor as the sole
3  defendant, but the body of the complaint fails to state with sufficient specificity the personal participation
4  of the prosecutor.  The court assumes the acts of a prosecutor clearly affect the validity of plaintiff's
5  conviction and sentence and thus, should be considered first in a petition for writ of habeas corpus.
6  Plaintiff has not shown or provided any documentation to the court showing that he has successfully
7  presented this issue in a petition for writ of habeas corpus.

8  Plaintiff's complaint is further deficient.  In order to state a claim under 42 U.S.C. § 1983, a
9  complaint must allege that (l) the conduct complained of was committed by a person acting under color of
10 state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the
11 Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on*
12 *other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to
13 remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350,
14 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  The defendant named in this caption of this
15 cases, Mr. Bruneau is the county prosecutor and would be entitled to prosecutorial immunity.  In the body
16 of the complaint, Plaintiff states claims against the Peninsula Daily News, based on stories that were
17 published in the newspaper.  The newspaper is a private party who did not act under color of state law.
18 *See* Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).

19  (3) Due to the deficiencies described above, the court will not serve the complaint.  Plaintiff shall
20 file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter
21 should not be dismissed **by no later than September 29, 2006**.  If  an amended complaint is not timely
22 filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this
23 action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28
24 U.S.C. § 1915(g).

25  (4) The Clerk is directed to send plaintiff a copy of this Order and the General Order
26  DATED this 6th day of September, 2006.

27  /s/ J. Kelley Arnold
    J. Kelley Arnold
28  United States Magistrate Judge