UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES E. DICKERSON,

    Plaintiff,

v.

DAVID H. BRUNEAU,

    Defendant.

Case No. C06-5418RBL

REPORT AND RECOMMENDATION

Noted for October 27, 2006

This § 1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. This matter comes before the court on plaintiff's failure to cure certain deficiencies in his complaint. For the reasons set forth below, the undersigned recommends that the Court dismiss this matter for failure to state a cognizable claim.

## DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a deprivation of a federally protected right in order to set forth a prima facie case under 42 U.S.C. §1983. Baker v. McCollan, 443

REPORT AND RECOMMENDATION
Page - 1

U.S. 137, 140 (1979). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986). Recently the Ninth Circuit held that dismissal of prisoner's deficient complaints is mandatory under the PLRA. *See* Lopez v. Smith, 1998 WL 774639 (9th Cir., Nov. 9, 1998).

On September 5, 2006, this court reviewed plaintiff's complaint and issued an order directing plaintiff to cure certain deficiencies. Plaintiff is a state prisoner, currently in custody at the Airway Heights Corrections Center. When the record was reviewed, the court found and explained the following deficiencies: (i) plaintiff's claims appeared to challenge the validity of his underlying conviction or sentence; (ii) plaintiff named the state prosecutor as a defendant in the matter, and it appeared this defendant would be entitled to prosecutorial immunity; and (iii) plaintiff named a newspaper as a defendant and it is a private party that generally does not act under color of state law. Plaintiff was instructed to file an amended complaint curing, if possible, the above-mentioned defects **by not later than September 29, 2006**. Plaintiff was warned that his failure to cure or to respond appropriately could result in dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal would count as a "strike" under 28 U.S.C. § 1915(g). *See* Doc. 7.

On September 20, 2006, plaintiff filed an Amended Complaint (Doc. 8), along with a second application to proceed in forma pauperis (Doc. 9). After reviewing the Amended Complaint, the undersigned finds that plaintiff has failed to cure the above deficiencies and recommends the Court dismiss this matter as frivolous.

The Amended Complaint fails to state a cognizable claim, and it fails to state a cognizable claim against a proper defendant. As previously explained to Mr. Dickerson, in order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981),

*overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  Here, the Amended Complaint fails to allege facts supporting a claim of constitutional magnitude.  Mr. Dickerson's Amended Complaint alleges the defendant (Prosecutor David Bruneau) misrepresented and manufactured facts which were leaked to a local newspaper and were defamatory.  Plaintiff bases his allegations on information provided by his sister, who told him that the newspaper was calling him the "night stalker."

Clearly, Mr. Dickerson's claims do not rise to the level of a constitutional violation.  Defamation is a common law tort.   It is not a right or privilege protected by the U.S. Constitution or federal statutory law.  Moreover, Mr. Dickerson is making this claim against a state prosecutor, who it appears was involved in the criminal case underlying Mr. Dickerson's imprisonment.  The Amended Complaint is based on hearsay statements and plaintiff's sister's interpretation of a newspaper article regarding Mr. Dickerson.  Even if the newspaper quoted the prosecutor, the statements from the prosecutor about Mr. Dickerson's criminal activities would necessarily have been made in the prosecutor's role or capacity.  As such it would appear the defendant would be entitled to prosecutorial immunity.

Prosecutors are entitled to absolute immunity from liability for damages under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 427 (1976).  Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." Kalina v. Fletcher, 522 U.S. 118 (1997); Ashelman, 793 F.2d at 1076 (*citing* Imbler, 424 U.S. at 430-31).  "If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted." Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 678 (9th Cir. 1984) (quoting Imbler, 424 U.S. at 430-431).  Prosecutorial immunity applies "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" Ashelman, 793 F.2d at 1075.

## CONCLUSION

Because plaintiff fails to state a cognizable § 1983 constitutional claim, the Court should DISMISS this case as frivolous.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also*

Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 27, 2006**, as noted in the caption.

DATED this 2nd day of October, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge